IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LARYSA BOGGESS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> T. HEATH CHAMNESS, DISTRICT § <br> ATTORNEY, SMITH COUNTY, et al., § <br> § <br> Defendants. § | Case No. 6:25-cv-64-JDK-JDL |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Larysa Boggess, proceeding pro se, filed this action on February 28, 2025. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the action. Docket No. 3. On March 3, 2025, Judge Love issued a Report and Recommendation, (Docket No. 4), recommending that the case be dismissed with prejudice. Plaintiff filed objections to the Report and Recommendation. Docket No. 6.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff objects to the Magistrate Judge's finding that the Defendant prosecutors are entitled to absolute immunity on the grounds that the they brought false charges against her, and Defendant Chamness allegedly had one of her witnesses arrested during trial.  Docket No. 6.

As to the first objection, Plaintiff cites the case of *Brown v. McCormick* to support her contention that prosecutorial immunity should be overcome.  Plaintiff provides the following citation:  *Brown v. McCormick*, 201 F.3d 159 (2d Cir. 2000).  Docket No. 6 at 1.  However, such a case does not exist.  The citation to the reporter is for the case *Retrofit Partners I, L.P. v. Lucas Indus., Inc.*, 201 F.3d 155 (2d Cir. 2000), which did not involve the issue of prosecutorial immunity and deals instead with contract claims and violation of the Connecticut Unfair Trade Practices Act for retrofitting aircraft engines.  Plaintiff's citation to a hallucinatory case was likely generated via artificial intelligence and violates this Court's Local Rule CV-11(g), which makes clear that "generative artificial intelligence tools may produce factual and legal inaccuracies and reminds attorneys that they must verify the information that they submit to the court."  *Gauthier v. Goodyear Tire & Rubber Co.*, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024).  Just like an attorney, a pro se litigant remains bound by the Court's rules and the standards articulated under Rule 11.  *See* L.R. CV-11(g).  Plaintiff's false statement of law in her objections is sanctionable and provides no basis to overcome prosecutorial immunity.  This objection is overruled.

2

As best as can be interpreted, Plaintiff's second objection relates to the fact that Defendant Chamness allegedly told the state judge that Plaintiff's witness, Mr. Brannon, called Defendant Chamness a "white devil." And this allegedly persuaded Plaintiff's lawyers not to call this witness. Plaintiff further asserts that Defendant Chamness had the witness arrested for "allegedly having privileged attorney client knowledge outside the courtroom." Docket No. 6 at 2. These assertions do not create a basis to overcome prosecutorial immunity in this case as they relate directly to Defendant Chamness's prosecution of the case and his advocatory role in allegedly handling an adverse witness. *See Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (finding that "detention of witnesses to prevent them from testifying in criminal proceedings, while unlawful and improper, is nonetheless shielded by absolute immunity"). Accordingly, this objection is overruled.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 6) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court. This case is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **1st** day of **April, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE